[Decided January 21, 1887.]

DANIEL AINSWORTH, A. M. CANNON, M. W. BENNETT, AND B. H. BENNETT v. TERRITORY OF WASHINGTON.

1. BAIL — POWER TO ACCEPT. — The judge of a criminal court of record may accept and approve a bail bond in vacation, especially as the Code of Washington, sections 2138 and 2139, authorizes a judge at chambers to determine all matters where a jury is not required. That the prisoner has been previously committed in default of bail, and is in the custody of the sheriff, is immaterial.

2. SAME — CONDITIONS OF BAIL BOND — DEFENSE. — It is no defense to an action on a bail bond voluntarily given that the conditions of the bond are more onerous than the statute permits.

3. SAME — DECLARING FORFEITURE — SIGNING JOURNAL. — In such action, a defense that the bond was not shown to have been declared forfeited by a proper court, because the journal was not signed by the court, held not sustained, both because the judge's signature is not necessary to make journal entries valid, and because the journal was in fact signed by the judge at the end of the term.

4. SAME — PARTY TO ENFORCE. — Washington Territory is a municipal corporation, of which the several counties are agencies, and the territory is the proper authority to accept and enforce bail bonds.

ERROR to the District Court holding terms at Spokane Falls. Fourth District.

On the tenth day of October, 1884, the grand jury of the territory, at a regular term of the District Court for Spokane and Adams counties, found an indictment against the defendant Daniel Ainsworth, charging him with having obtained property from one Whitney by means of false pretenses, with intent to defraud said

Whitney. On October 14, 1884, the court made an order authorizing Ainsworth to be admitted to bail in the sum of six thousand dollars. Failing to enter into such bail, he was committed to the county jail. On November 24, 1884, Ainsworth, with the other plaintiffs in error as sureties, executed under their hands and seals, for the use of the territory, a bail bond in said sum of six thousand dollars, conditioned for the appearance of Ainsworth in said court on the first Monday of February, 1885, and from day to day, and from adjournment to adjournment, and from term to term thereafter, and for his appearance in like manner at any other court in the territory to which the venue of the cause might be removed, to answer said indictment, and render himself in execution of any judgment that might be rendered against him in said cause, which bail bond was on the next day delivered to the judge of the court for approval and acceptance, said judge being the presiding judge of all the District Courts in the First Judicial District, and was approved and accepted by him, and thereafter delivered by the plaintiffs in error to the clerk of the court, who filed and returned the bond into court, whereupon Ainsworth, by reason of having furnished the bond, was released from custody. At the time and place designated in the bond, the court convened, and continued from day to day thereafter until after February 5, 1885. On that day, Ainsworth, having been called by order of the court, failed to appear and answer the indictment, without sufficient or any excuse, and the sureties also having failed to produce Ainsworth, without offering any excuse, after being duly called, the bail bond was by the court adjudged to be forfeited. The territory thereupon brought suit to recover the penalty of the bond, and no part of it having been paid, recovered judgment for the same, from which the plaintiffs in error appealed.

*Mr. George M. Forster,* for the Plaintiffs in Error.

. Bail can only be given by persons charged by indictment in the following manner: 1. The court shall order the amount in which the defendant is to be held to bail; 2. The recognizance of the defendant may be taken in open court and entered on the order-book; or 3. Any officer authorized to execute a warrant in a criminal action may take, justify, and approve the bail (if court is not in session), and he must certify the same forthwith to the clerk of the court to which the defendant is recognized, and from the time it is filed it has the same effect as if taken in open court. (Code, secs. 1028, 1033, 1034, 1035.) An action such as the one brought will be defeated if it appears that the court or magistrate before whom the bond was taken was not authorized by law to require and take such obligation. (Code, sec. 1167; *Morrow* v. *State,* 5 Kan. 563; *State* v. *Russell,* 25 Tex. 505; *Butler* v. *Foster,* 14 Ala. 323; *Commonwealth* v. *Loveridge,* 11 Mass. 337; *Dugan* v. *Commonwealth,* 6 Bush, 305; *Ware* v. *Williams,* 9 S. C. 13; *State* v. *McCoy,* 57 Tenn. 11; *Holmes* v. *State,* 44 Tex. 631.) The bond sued upon was more onerous than required by law, and therefore void, and will not support a judgment. (*Turner* v. *State,* 14 Tex. App. 168; *Barringer* v. *State,* 27 Tex. 553; *Wooters* v. *Smith,* 55 Tex. 198.) The defendant could not be required to attend an adjourned term to stand his trial, because no jury could be legally summoned to attend such adjourned term. The law will not require him to do a useless or idle thing. The October term of court, held in Cheney for Spokane County, could not be continued as a term till February, 1885 (the time when plaintiff alleges a forfeiture), because by law terms of court were required to be held in the same district and by the same judge in other counties between October and February. (Code, sec. 2114; *In re Millington,* 24 Kan. 214; *Grable* v. *State,* 2 G. Greene, 559; Freeman on

Judgments, sec. 121.) The court can only declare a default and forfeiture of the bail when the defendant has failed to present himself in court when lawfully required so to do, according to the conditions of his obligation. (Code, sec. 1037; *United States* v. *Meyers,* 12 Fed. Dec., sec. 1526; *Burnett* v. *State,* 18 Tex. App. 283.) The term of court held in February, 1885, not being a court authorized by the laws of Washington Territory, and the record not showing any adjournment of the October term, the defendant was not bound to appear at the said term, and the bond is void. (*United States* v. *Case,* 8 Blatchf. 250–254; *Thomas* v. *State,* 13 Tex. App. 496.) A bond of recognizance for the appearance of a prisoner will be valid only when the law has been strictly complied with, and the obligation taken in pursuance of law in all respects, and by a competent officer. (*United States* v. *Goldstem's Sureties,* 1 Dill. 413; *United States* v. *Rundlett,* 2 Curt. 41–45; *United States* v. *Horton's Sureties,* 2 Dill. 94; *United States* v. *Case,* 8 Blatchf. 250; *Powell* v. *State,* 15 Ohio, 596; *State* v. *Winninger,* 81 Ind. 51; *Underwood* v. *Clements,* 82 Mass. 169; *Warren* v. *State,* 21 Tex. 510.) The acts of a judge at chambers are not the acts of a court. (*Suffern* v. *Chisholm,* 1 Wash. 486.) The Territory of Washington is not the party in interest. (Code, sec. 2179.)

*Mr. S. C. Hyde, Prosecuting Attorney,* for the Defendant in Error.

To admit to bail is to deliver the defendant to the custody of persons who offer to become security for his future appearance. (4 Bla. Com. 296; *Ruse* v. *United States,* 9 Wall. 13.) The district judge had power to admit the principal defendant Ainsworth to bail, and on behalf of the Territory of Washington to accept the obligation upon which this action is founded. (4 Bla. Com. 499; 20 Cent. Law J. 264, and cases cited in notes; Code, secs. 678, 1033, 1927, 2138.) The judge at chambers

under the Code has power, as in term time, except as to matters requiring the aid of a jury. (Code, secs. 2138, 2139.) There is no illegality or duress; the defendant was in lawful confinement, and he will not be permitted to avoid his bond. (1 Bla. Com. 137; *Sarah Toles* v. *George Adee*, 84 N. Y. 256.) Under it the defendants have obtained that which they sought, the release of the defendant Ainsworth from imprisonment, and they will not now be permitted to avoid their solemn obligation. (Code, secs. 749, 1167.) This is the rule followed in United States courts in jurisdictions where similar statutes prevail. (*United States* v. *Evans*, 2 Flipp. 605, 610.) The bond is good at common law. (*Tyler* v. *Hand*, 7 How. 583, 584; *United States* v. *Linn*, 15 Pet. 290; *State* v. *Cannon*, 34 Iowa, 322, 325; *State* v. *Wells*, 36 Iowa, 238; *Burall* v. *Acker*, 23 Wend. 606.) The obligee did not make the condition of the bond. It is as these defendants chose to make it. If its performance were impossible, it were without fault of the obligee. (*Taylor* v. *Mason*, 9 Wheat. 345.) But the defendants are estopped from setting up this defense. (*Stevens* v. *Georgia*, 44 Am. Dec. 680, 686.) There can be no doubt of the power of the court to adjourn to the day and place mentioned in the conditions of defendant's obligation. (Code, sec. 2136; *State* v. *Montgomery*, 13 Kan. 351, 358.) The adjourned term will be taken to be a part of the regular term. (*Smith* v. *Smith*, 17 Ind. 75; *Commonwealth* v. *Norfolk*, 5 Mass. 436; *People* v. *Northrup*, 50 Barb. 147.) The record of the proceedings of the court could well have been signed by the judge on the last day of the term named in the condition of the defendant's bond, and will be presumed to have been so signed. The facts found at the trial, which must stand, are conclusive on this point, and also that a term was held. There is nothing in the records or findings of fact to show that another term of court was being held in the same district at this time, and it will not be presumed.

The burden is upon the defendants to show the invalidity. The court had power at this time to call the defendant, Ainsworth, and make any proper order in his case, whether there was a jury present or not. It did call him, there was a jury present to try him, he failed to appear, his obligation was forfeited by the court. The Territory of Washington is the proper party in interest. (Murfree on Official Bonds, secs. 481, 482; *Auditor* v. *Woodruff*, 33 Am. Rep. 368, 374.)

*Mr. George M. Forster*, for the Plaintiff in Error, in reply.

Sections 749 and 1167 of Code must be construed together, and the latter specially requires it to appear that the officer taking the recognizance was authorized. (*Roberts* v. *State*, 8 Pac. Rep. 246; *Clink* v. *Muskegon*, 25 N. W. Rep. 175; *Baker* v. *Morrison*, 4 La. Ann. 372.) A recognizance in a criminal case which is not good as a statutory bond is also void as a common-law bond. (*Dickinson* v. *State*, 29 N. W. Rep. 184; *Powell* v. *State*, 15 Ohio, 579; *Wallen* v. *State*, 18 Tex. App. 414; *Roberts* v. *State*, 8 Pac. Rep. 246 (Kan.); *Williams* v. *Shelby*, 2 Or. 144; *Harris* v. *Simpson*, 14 Am. Dec. 101, 104.) Section 749 of the Code of Washington does not cure the obligation sued on, as it is not merely irregular or defective, but absolutely void. (*State* v. *Winninger*, 81 Ind. 51; *Roberts* v. *State*, 8 Pac. Rep. 246 (Kan.); *Waugh* v. *People*, 17 Ill. 563; *Neblet* v. *State*, 6 Tex. App. 316; *State* v. *Buffum*, 22 N. H. 267.)

Mr. Justice LANGFORD delivered the opinion of the court.

This is an action brought by the territory on a bail bond, in which the territory is the obligee, and the defendants are the obligors. The bond itself is in the usual form of a common-law bond.

Hon. Judge Wingard was the presiding judge of the

court in which the indictment was found, and at which
the order of commitment was entered against one of
the defendants who was indicted, in default of his giving
bail for his appearance, at said court from day to day
and from term to term. In default of such bail, on a
warrant upon said order of commitment, the sheriff of
Spokane County was holding the prisoner in confine-
ment. The said term was the regular October term of
the District Court for Spokane County. The judge was
not only a presiding judge for this court, but also of
several other courts of the First Judicial District. This
October term of court was adjourned to meet again on
the first Monday of February, and in the mean time the
judge went to Walla Walla, his place of residence, and
the place where he held court at chambers for the whole
district, including Spokane County. While there the
attorney for the defendant prepared and offered to him
for acceptance and approval the bond in question. The
judge approved it and filed it with the clerk of said court.
At the time Judge Wingard, at chambers, approved the
bond at the instance of the defendants, he made an or-
ner that the prisoner be discharged, which was also sent
to the clerk of said court. Upon learning of this pro-
ceeding of the judge, and that the order and bond were
filed with the clerk, and upon faith that the bond was a
good bond, the prisoner was released and went into the
possession of his bondsmen. Judge Wingard returned
and continued the session of the court, and the prisoner
being called, and the other defendants, in due form, and
making no appearance, the court caused the default to
be entered and bond forfeited.

The defendants claim that after the prisoner was held
by the sheriff, that the sheriff alone could accept bail,
and that the action of Judge Wingard in accepting and
approving the bond was void. If this were so, if the
sheriff found the bond which was left with the clerk with
intent that it should be delivered, did upon the faith that

it was a good bond release the prisoner on account thereof, then this was an acceptance and approval by the sheriff by implication. We are satisfied, however, that by virtue of his office, a judge of a criminal court of record in vacation can accept a bail bond for the territory. Particularly is it so under our statute, which authorizes the judge at chambers to hear and determine any subject-matter which can be decided without a jury. (Code, secs. 2138, 2139.)

The next error claimed is, that the defeasance in the bond is more onerous than the statute permits as to bail bonds. We think that this is true. Defendants infer that this vitiates the bond itself. Decisions have been read that sometimes and in some circumstances courts have held a bail bond was void on this account. There could not have been any such plea made at common law in an action for debt upon a bond, yet the common law is the rule of decision in this territory.

Duress could have been pleaded. It was probably upon what was considered duress that bonds have been held void, because the same were more onerous than the law permitted. There is no such plea in this case, and no evidence to support such a plea. The evidence shows that without request or demand from any one, defendants inserted these conditions on their own motion, and did it voluntarily. The permission that the defendants may insert lawful conditions, and add unlawful ones if they choose, is not contrary to public policy. The court would not probably enforce a condition unauthorized by law thus inserted, and the court did not forfeit this bond for any breach of such conditions, nor is suit brought on account of the breach of any unlawful conditions. The defendant claims that one of the unlawful conditions was that the prisoner should appear at said court on the first Monday of February.

The judge presided over many courts of separate jurisdiction, of which this was one. No term of court of

the same territorial jurisdiction intervened between the sitting of the court in October and February. No term of court had been adjourned, — only the sitting of the same term had been adjourned; hence a trial by jury could have been had at the time the bond was forfeited. Had this not have been so, we know of no plea which could have been made to the sufficiency of a bond on that account, and no authority has been cited that so holds.

It is claimed that the territory is not the real party at interest. The territory is a municipal corporation and government, representing all the people within its borders. The county of Spokane is an agency of the territory to carry on certain functions of government. Neither the territory nor county are the real party in interest; but the inhabitants are. The territory by statute is authorized to accept and collect these bonds for the use of the people, and is a trustee of a trust expressed by statute.

It is claimed that there is no evidence that the bond was declared forfeited by a proper court, for that the journal had not been signed by the judge. Such signature is unnecessary to make journal entries valid. If it were necessary, the journal was signed at the end of the term by the presiding judge.

The authorities cited that recognizances can only be taken in term time refer exclusively to recognizances of record. Our statute would permit ·the judge at chambers even to take these. Our statute provides that several officers may take bail who have no records, and among them are magistrates. This class of bail is by deed, sealed, signed, and delivered; the bail bond here is bail by deed; Judge Wingard was a magistrate.

It is not doubted that the statutes might by express terms or by implication prohibit bail by deed; but our statute by necessary implication commands such bonds to be taken. It was unnecessary to invoke section 749 of the Code.

The real act containing that provision is an act entitled "An act to regulate the practice and proceedings in civil actions in the District Court." This title is not broad enough to include bonds not used in the practice and proceedings in the District Court in civil actions. The section refers to such proceedings and bonds taken therein, and to none other. The statute has another provision for bonds in criminal proceedings. (Code, sec. 1167.) It is not necessary to invite the aid of this section, for this bond is a sufficient one without the aid of either section.

Judgment is affirmed.

GREENE, C. J., and HOYT, J., concurred.